[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises from events that occurred on November 25, 1996. The complaint was filed by the plaintiffs pursuant to General Statutes §52-592 (a), the accidental failure of suit statute. The defendant now moves to dismiss the plaintiffs' complaint on the ground that §52-592 does not save the plaintiffs' action.
 FACTS
A review of the previous action filed by the plaintiffs is necessary to address the defendant's motion. The plaintiffs filed their complaint in the original action on August 8, 1998, against the defendants, Peerless Industries, Inc., Peerless Sales Company (Peerless) and Barr, Inc. (Barr)[1] alleging that the plaintiff, George Stevenson, was injured when he was struck by a wall-mounted television/VCR stand while he was in CT Page 10393 the coffee break room at his employer's store. His wife, Euganna Stevenson, brings a loss of consortium claim.
On November 9, 1998, Peerless filed a request to revise the plaintiffs' complaint. The plaintiffs never responded to the request to revise and no motion for an extension of time or objection was every filed. Pursuant to Practice Book § 10-37, Peerless's requested revisions were deemed to have been automatically granted.
On December 7, 1998, Peerless sent discovery requests to the plaintiffs. The discovery requests were never answered and no motion for an extension of time or objection was ever filed. The defendant, relying on Practice Book § 14-3[2] moved to nonsuit the plaintiffs. The plaintiffs did not respond to the motion for nonsuit. Judge Hurley granted the motion for nonsuit on July 8, 1999. The plaintiffs did not attempt to open the judgment of nonsuit or have the case restored to the docket within four months as permitted by Practice Book § 17-43[3] and General Statutes § 52-212.[4] A second nonsuit was entered against the plaintiffs as to the defendant, Barr, Inc. on August 9, 1999.[5]
On July 6, 2000, the plaintiffs filed a complaint that is identical to the complaint which was filed on August 8, 1998. No revisions to the complaint have been made except that a section entitled "Accidental Failure of Suit Representations" was added.
The plaintiffs make the following representation claiming that their action is brought under the accidental failure of suit statute: "That the under signed counsel for the plaintiffs just learned that such action (entry of non-suit) had been taken by the Court on such date. That he learned such information on July 5, 2000. That he has never received notice from the clerk of the court indicating that such action had been taken by the court on July 8, 1999." (Complaint, Accidental Failure of Suit Representations Section, ¶ 1.)
On December 22, 2000, Peerless filed a motion to dismiss the present complaint on the ground that the accidental failure of suit statute is not applicable to the plaintiffs' case. On March 28, 2001, the plaintiffs filed an amended memorandum[6] of law in opposition to Peerless's motion to dismiss.
 DISCUSSION
A. Motion to Dismiss
The defendant, Peerless, moves to dismiss the plaintiffs' complaint on the ground that it is not saved by the accidental failure of suit CT Page 10394 statute.[7]
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991) "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296,308, 709 A.2d 1089 (1998)
The court, McLachlan, J., found that the plaintiffs did not use reasonable diligence in pursuing their case: "[t]hey did not use reasonable diligence in responding to the request to revise of November 16, 2000; did not respond to the request to revise either by objection, nor by requesting an extension of time or revising the complaint. The plaintiffs do not provide a reason for this lack of response. . . . The plaintiffs were not diligent in responding to the discovery requests. . . . Counsel's failure to respond to the discovery requests was not caused by mistake, excusable neglect or inadvertence, it was caused by inaction. Counsel did not use reasonable diligence in assuring that the nonsuit was opened and it was not because of an accident, mistake, inadvertence or excusable neglect. . . . Not only did the plaintiffs do absolutely nothing in the prosecution of their lawsuit, but they now seek to refile the original complaint thereby avoiding the preclusionary order which was obtained by the defendants because of the plaintiffs' failure to respond to the request to revise. This would have the effect of rewarding the plaintiffs for their dilatory conduct and punishing the defendant." Stevenson v. PeerlessIndustries, Inc., supra, Superior Court, Docket No. 556024.
The plaintiffs argue in their memorandum in opposition to Peerless's motion to dismiss that there has not been a pattern of dilatory behavior. The court has previously held that there has been a pattern of dilatory behavior and the accidental failure of suit statue [statute] did not save the plaintiffs' action. Id. The same behavior that lead to the granting of the defendant, Barr's non-suit, lead to the granting of the defendant, Peerless's non-suit.[8] For this reason, the court adopts the reasoning set forth in Judge McLachlan's memorandum granting the defendant, Barr's motion to dismiss, and therefore grants the defendant, Peerless's motion to dismiss. CT Page 10395
 ____________________ MARTIN, JUDGE